

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Mr. C. J. Wilde
County Auditor
Nueces County
Corpus Christi, Texas

Dear Sir:

Opinion No. O-1721
Re: Officers' Salary Law - Constables -
Minimum and maximum salary.

Your request for opinion has been received and considered by this department. We quote from your letter of request as follows:

"Under Article 3912e, Section 17, Subdivision b, the latter part of the paragraph states that the Precinct Officer shall be compensated on the basis of the total sum earned in his official capacity for the fiscal year 1935 and not more than the maximum allowed such officer under the existing laws of October 24, 1935.

"Could the Commissioners' Court fix the salary of a Constable who did not hold office in the year 1935 at a lower rate than a Constable who may have held the office in 1935. In other words could there be a minimum other than the amount earned by that office in the year 1935."

Section 17 of Article 3912e, Revised Civil Statutes of Texas, reads as follows:

"(a) The term 'Precinct Officers' as used in this Act means justices of the peace and constables.

"In all counties in this State such precinct officers shall continue to be compensated for their services on a fee basis until the Commissioners' Court shall have determined

otherwise in accordance with the provisions of Section 2 of this Act.

"In counties wherein the Commissioners' Court shall have determined that precinct officers shall be compensated on an annual salary basis, but wherein they have determined that county officers shall not be so compensated, the Officers' Salary Fund of said county shall be composed and made up of fees, commissions and other compensation collected by the precinct officers of such county and deposited in said fund, and such funds as may be transferred to said fund by the Commissioners' Court of the county.

"(b) In counties where it shall have been determined that precinct officers shall be compensated on an annual salary basis it shall be the duty of the Commissioners' Court of such county to fix the salary allowed to such officers. Each of said officers shall be paid in money an annual salary in twelve (12) equal installments of not less than the total sum earned as compensation earned by him in his official capacity for the fiscal year 1935 and not more than the maximum amount allowed such officer under the laws existing August 24, 1935.

"In counties in which precinct officers are paid a salary as compensation for their services, such officers desiring to appoint one or more deputies or assistants shall make application to the Commissioners' Court for authority to appoint such deputy or deputies, in the manner and form prescribed for applications for deputy county officers by Article 3902, Revised Civil Statutes, 1925, as amended within the provisions of this Act; the Commissioners' Court shall not authorize the appointment of any deputy constable at a salary exceeding Fifteen Hundred ($1500.00)

Dollars per year. The salaries of deputies
authorized to be appointed under the provi-
sions of this Section shall be paid out of
the Officers' Salary Fund.

"In counties wherein the county offi-
cers named in this Act are compensated on
the basis of an annual salary, the State of
Texas shall not be charged with and shall not
pay any fee or commission to any precinct
officer for any services by him performed,
but said officer shall be paid by the County
out of the Officers' Salary Fund such fees
and commissions as would otherwise be paid him
by the State for such services."

This department held, on January 16, 1936,
in an opinion written by Hon. Joe J. Alsup, Assistant
Attorney General, addressed to Hon. John R. Grace, County
Attorney, Franklin, Texas, that it was the duty of the
commissioners' court in a salary county to set the salary
of the official at an amount not less than the amount
earned during the year 1935 and not more than the maxi-
mum allowed under laws existing August 24, 1935.

This administration has repeatedly ruled to
the same effect. See conference opinion No. 3083, dated
April 3, 1939, addressed to Hon. Jas. K. Evetts, written
by Hon. Benjamin Woodall, Assistant Attorney General,
and other opinions of this department.

The laws in force in 1935 affecting the com-
pensation of officers are stated in Articles 3883, 3891
and 3895, Revised Civil Statutes of Texas, as amended.
The sum total of earnings under all three of said arti-
cles constituted the compensation of said officers.
However, the county did not pay any of the authorized
expenditures. Article 3891 provided otherwise:

"Each officer named in this chapter
shall first out of the current fees of his
office pay or be paid the amount allowed
him under the provisions of Article 3883,
together with the salaries of his assis-
tants and deputies, and authorized expenses
under Article 3899, and the amount necess-
ary to cover costs of premium on whatever
surety bond may be required by law."

Opinion No. O-744 of this department, written by Hon. Benjamin Woodall, Assistant Attorney General, addressed to Hon. H. F. McMillan, and dated May 31, 1939, holds that the commissioners' court in arriving at the proper minimum salary for its county attorney in a salary county should deduct from the total compensation earned, collected and uncollected during the year 1935, the expenses of the office for the year 1935 which were legally allowed by the commissioners' court for that year. This opinion further holds that inasmuch as Article 3912e providing for salary of the county attorney makes the "total sum earned as compensation for the fiscal year 1935," the basis of the minimum salary to be fixed by the commissioners' court, the fees earned and deposited to the Officers' Salary Fund and the expenses of the office since 1935 would be immaterial and could not operate to increase or diminish the minimum salary as fixed by the legislative enactment.

The office of constable is a constitutional office. The constable is named in Article 3883, the maximum fee bill.

It was undoubtedly the intention of the Legislature in passing Section 17b of Article 3912e, supra, to provide minimum and maximum salaries not only for the precinct officers who were incumbents of their offices in 1935 but likewise for their successors in office in future years.

You are, therefore, respectfully advised that it is the opinion of this department that in a county where precinct officers are placed on a salary basis that the commissioners' court in setting the salary of a constable who did not hold office in 1935, but who is holding office now must be governed by the following conditions: The total compensation earned, collected and uncollected, of the incumbent of the office of constable in the year 1935, less the expenses of the office for the year 1935 which were legally allowed by the commissioners' court for the year 1935, shall be and is the minimum amount at which the salary of the present constable shall be set by the commissioners' court. However,

the commissioners' court cannot set the constable's salary at an amount in excess of the maximum amount allowed the constable under laws existing August 24, 1935.

Trusting that this satisfactorily answers your inquiry, and with best regards, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Wm. J. Fanning_
Wm. J. Fanning
Assistant

WJF:AW

APPROVED DEC 1, 1939

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE